UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21941-RAR

**KEVIN M. OWENS**,

    Plaintiff,

v.

**WARDEN ACOSTA**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(g)

**THIS CAUSE** comes before the Court on Plaintiff Kevin M. Owens's *pro se* civil rights complaint under 42 U.S.C. § 1983, [ECF No. 1], and his "Emergency Motion for Immediate Injunction for Medical Treatment," [ECF No. 4].  The Court previously determined that Plaintiff "is subject to the 'three-strikes' provision of 28 U.S.C. § 1915(g)[.]" Order Requiring Response, [ECF No. 5], at 1.  Nevertheless, the Court also found that "Plaintiff may have sufficiently alleged that he meets the 'imminent danger' exception" to § 1915(g) and ordered counsel for the Florida Department of Corrections ("FDOC") to file a Response.  *Id.* at 2–3.  FDOC filed its Response on May 31, 2024, [ECF No. 10], and Plaintiff filed a Reply on June 11, 2024, [ECF No. 21].[1]  After considering the parties' pleadings, the Court concludes that Plaintiff is not "under imminent danger of serious physical injury" and will **DISMISS** this action under § 1915(g).

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28

---

[1] Plaintiff also filed a "Motion to Update Court/Affidavit," [ECF No. 19], which the Court construes as a motion to amend and supplement his Complaint and Emergency Motion with additional allegations; as well as a "Motion of Abuse," [ECF No. 20], which asks the Court to order FDOC to stop transferring him as "retaliation for writing grievances."

U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person that is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the statute also provides a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). The purpose of this provision, also known as the "three-strikes rule," is "to curtail abusive prisoner litigation" by only allowing "a prisoner to file three meritless suits at the reduced rate provided by that section. . . . After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). If, after receiving three "strikes," a prisoner files a new suit while moving to proceed *in forma pauperis*, "a court must dismiss the prisoner's case." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The Court has already found, and Plaintiff concedes, that he qualifies as a "three-striker" under § 1915(g) because he has filed more than three meritless lawsuits and has not prepaid the filing fee. *See* Order Requiring Response, [ECF No. 5], at 2. Plaintiff, "therefore, may not bring his action *in forma pauperis* unless he is under imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1308 (S.D. Fla. 2013) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Although Plaintiff

can "establish [imminent danger] by recounting recent injuries that reveal an 'ongoing pattern of acts' as well as threats of future harm[,]" *Barber v. Krepp*, 680 F. App'x 819, 821 (11th Cir. 2017) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170–71 (2d Cir. 2010)), he must still allege "specific [facts] . . . indicating that a serious physical injury will result if his claims are not addressed." *Abdullah*, 955 F. Supp. 2d at 1307 (citing *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006)).

The gravamen of Plaintiff's allegations is that he requires immediate surgery to remove his left kidney and that, without the surgery, cancer will spread throughout his body. *See* Compl. at 5 ("I need my left kidney removed ASAP, but [the surgery is] being stalled letting cancer spread shortening my lifespan."); Emergency Mot., [ECF No. 4], at 3 ("The Defendants have shown and continue to show indifference to my medical care and use transferring and stalling care to kill me sooner!"); Reply, [ECF No. 21], at 7 ("I am suffering pain and great fear of cancer this is ongoing complications!").

In response to Plaintiff's claim, FDOC argues that "surgery to remove Plaintiff's left kidney already was requested approximately one month ago (before this lawsuit was filed), and is awaiting scheduling by Shands Hospital." Resp. at 2–3. FDOC's Response contains a declaration from Dr. Danny Martinez, the Chief of Medical Services for FDOC, who avers that "on May 2, 2024, a pre-surgical clearance was completed . . . and sent to Shands Hospital for scheduling of nephrectomy surgery to remove Plaintiff's left kidney" and that "[a] repeat CT scan of Plaintiff's chest" was "approved for scheduling as urgent" on May 13, 2024. Martinez Decl., [ECF No. 10-2], at 1–2. Based on Plaintiff's medical records, FDOC asks the Court to dismiss the case under § 1915(g) because "what [Plaintiff] perceives as an unreasonable delay in surgery" does not amount to an imminent danger of serious physical injury. Resp. at 5.

Because Plaintiff's case cannot proceed if § 1915(g) applies, the Court's sole inquiry is whether Plaintiff has "provide[d] the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah*, 955 F. Supp. 2d at 1307.  After considering the evidence presented by Plaintiff and FDOC, the Court finds that Plaintiff fails to meet this burden.  The record reflects that Plaintiff "noticed blood in his urine" on July 25, 2023, and began to seek medical attention.  Consult Request, [ECF No. 19-1], at 11.  An abdominal CT scan conducted on October 12, 2023, "suggest[ed] a left lower pole mass" that was indicative of "renal cell carcinoma." *Id.*  Plaintiff had a meeting with Dr. Miguel on December 13, 2023, "who ordered [additional] CT scans," and then had an evaluation with a urologist at Shands Hospital on February 12, 2024, who ordered "the completion of a cancer staging evaluation."  Martinez Decl., [ECF No. 10-2], at 1–2.  FDOC approved the necessary nephrectomy surgery on May 2, 2024, and is awaiting Shands Hospital to schedule the date of the surgery. *Id.* at 1.

The Eleventh Circuit has held that the complete denial of medical care constitutes an imminent danger of serious physical injury. *See Brown*, 387 F.3d at 1350 ("That Brown's illnesses are already serious does not preclude him from arguing that his condition is worsening more rapidly as a result of the complete withdrawal of treatment."); *Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017) ("[W]e conclude that [Plaintiff] alleged a complete lack of treatment for his hepatitis C and thus meets the [standard] for showing an imminent danger under § 1915(g)."). But that is not what is happening here.  Based on the rebutted medical records, FDOC is aware of Plaintiff's kidney condition, has diagnosed and attempted to treat the condition, considers Plaintiff's condition to be "urgent," and is working with Shands Hospital to schedule surgery as

soon as possible. This is not, by any stretch of the imagination, "the complete withdrawal of treatment" that constitutes an "imminent danger."

What Plaintiff asks the Court to do is to find that he is in imminent danger because his surgery is not happening soon enough for his liking. Although the Court appreciates Plaintiff's anxiety about being treated as quickly as possible for a serious medical issue, Plaintiff was approved for surgery only <u>two weeks</u> before he provided the Complaint to prison officials for mailing. *See* Martinez Decl., [ECF No. 10-2], at 1.[2] There is no evidence (or allegation) that FDOC has canceled the surgery, will cancel the surgery, or is purposely delaying the surgery. A minor delay in receiving a procedure, combined with a speculative assertion that cancer will spread unchecked throughout his body without immediate medical care, does not constitute an imminent danger of serious physical injury under § 1915(g). *See, e.g.*, *O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 805 (11th Cir. 2016) ("[Plaintiff's] fears that his surgery might be delayed or his symptoms would lead to cancer were speculative and not factually supported."); *Gilmore v. Dart*, No. 23-1901, 2024 WL 2813340, at *2 (7th Cir. June 3, 2024) ("But not receiving the exact type of medical care he sought on the timeline he requested, without more, does not raise an imminent threat of serious physical harm."); *Cable v. Schriro*, No. CV 08-1618, 2010 WL 1729124, at *10 (D. Ariz. Apr. 27, 2010) (citing *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)) (holding that "pre-surgery" treatment and a "short delay in obtaining surgery" did not present an imminent danger); *but see O'Connor v. Backman*, 743 F. App'x 373,

---

[2] The Court must consider whether Plaintiff was in imminent danger at the time the Complaint was filed—not at any time before or after. *See Medberry*, 185 F.3d at 1193.

376 (11th Cir. 2018) (holding that a "two-year delay" after surgery had originally been scheduled did constitute "a serious condition [that] satisfies the imminent danger standard").[3]

Plaintiff may be dissatisfied with the quality of care he has received, but the Constitution does not require prison medical care "to be perfect, the best obtainable, or even very good." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020).  Moreover, even if Plaintiff could plausibly allege that some or all of the Defendants have been deliberately indifferent to his serious medical needs (an issue the Court express no opinion on), Plaintiff is still a three-striker and has lost the privilege to proceed *in forma pauperis*—even on arguably meritorious claims— "unless [he] is under imminent danger of serious physical injury." *Medberry*, 185 F.3d at 1192 (quoting 28 U.S.C. § 1915(g)); *see also Rivera*, 144 F.3d at 724 ("[P]roceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise.").  Since Plaintiff's allegations do not meet this exception, the Court must dismiss the case under § 1915(g).

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint, [ECF No. 1], is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).  All pending motions are **DENIED as moot** and all deadlines, if any, are **TERMINATED**.  This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of June, 2024.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff requests an evidentiary hearing on these disputed medical issues and claims that prison officials are lying about the medical care he has received. *See* Reply at 3–5. An evidentiary hearing is not warranted because all the medical records and grievances provided to the Court (including from Plaintiff) indicate that Plaintiff has received medical treatment and has been scheduled for surgery. *See Fla. Wildlife Fed., Inc. v. Admin., U.S. Env't Prot. Agency*, 620 F. App'x 705, 708 (11th Cir. 2015) ("It is not an abuse of discretion to refuse to hold an evidentiary hearing where none of the material facts are in dispute.").